UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:10-CV-00034-TBR

DR. ERIC T. WOOTEN                                                                    PLAINTIFF

v.

GREENVIEW HOSPITAL, INC.,
d/b/a GREENVIEW REGIONAL HOSPITAL                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff, Dr. Eric T. Wooten's, Motion to Remand (DN 7). Defendant has filed a response (DN 9). No reply has been filed. This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion to Remand is GRANTED.

## BACKGROUND

This case arises out of a contract dispute. Plaintiff and Defendant entered a purported contract on or about October 8, 2010, for Plaintiff to perform medical services at Defendant's hospital. On February 23, 2010, Plaintiff filed suit in Warren Circuit Court for a declaration of rights in regard to the purported contract. Plaintiff requested the court find the arbitration provision is void, to enforce the contract and award damages for breach. Plaintiff also alleges the contact is void as against public policy and is unconscionable. Defendant filed notice of removal on February 26, 2010, asserting both federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to § 1332. Plaintiff now moves for remand.

## STANDARD

The burden to establish federal jurisdiction lies with the party seeking removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996); *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). "A defendant who seeks to remove a case

pursuant to 28 U.S.C. § 1441(b) bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court." *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1061 (6th Cir. 2008). Federal jurisdiction should be strictly construed so that it is exercised only when clearly established and any doubt or ambiguity should be resolved in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Breymann v. Pennsylvania, O. & D.R. Co.*, 38 F.2d 209, 212 (6th Cir. 1930).

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). An action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."*Id.* A civil action involving a federal question shall be removed without regard to the citizenship or residence of the parties; however, "[a]ny other such action shall be removal only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1141(b). Generally, this is referred to as the forum defendant rule. Following the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c).

## DISCUSSION

Plaintiff argues that this action is not removable because there is no federal jurisdiction: the Federal Arbitration Action ("FAA") does not provide a basis for federal question jurisdiction and the defendant is unable to remove as it is a citizen of the state in which the action was brought. Defendant maintains that this case presents a significant federal question regarding the application of the FAA so that federal jurisdiction is warranted. Defendant also contends the forum defendant

2

rule has been waived by Plaintiff when Plaintiff filed a motion for temporary restraining order seeking affirmative relief from the Court and thereby consenting to the Court's jurisdiction.

**I. FAA as a Federal Question**

Any civil action over which the district courts have original jurisdiction founded on "a claim or right arising under the Constitution, treaties or laws of the United States" is removable regardless of the citizenship or residence of the parties. 28 U.S.C. § 1441(b). Plaintiff argues the FAA alone does not establish federal question jurisdiction; however, Defendant asserts that application of the FAA involves a significant federal issue which justifies resort to the federal courts.

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, the Supreme Court addressed federal question jurisdiction finding it is usually invoked by a plaintiff pleading a cause of action created by federal law. 545 U.S. 308, 312 (2005). However, the Court explained:

> There is, however, another longstanding, if less frequently encountered, variety of federal "arising under" jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.

*Id.* (internal citations omitted). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. *Grable* involved an action to quiet title, which the court found would require interpretation of the meaning of a federal tax provision: "an important issue of federal law that sensibly belongs in a federal court." *Id.* at 314-15.

The Supreme Court has also stated twice that the FAA, while providing substantive law, does

not create an independent federal question. *Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9 (1984); *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 25 n. 32 (1983).

In *Moses H. Cone Memorial Hospital*, the Supreme Court explained:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue. Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence. Nevertheless, although enforcement of the Act is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by the federal courts where otherwise appropriate.

460 U.S. at 27 n. 32 (internal citations omitted).

In *Southland Corp.*, the Supreme Court cited *Moses H. Cone Memorial Hospital* and stated:

> While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise. This seems implicit in the provisions in § 3 for a stay by a "court in which such suit is pending" and in § 4 that enforcement may be ordered by "any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties."

465 U.S. at 15 n. 9 (internal citations omitted).

Defendant asserts that federal question jurisdiction is appropriate because there are significant federal issues implicated, i.e., the FAA is a federal policy to be vindicated by the federal courts. Defendant reasons that here Plaintiff "does not simply seek to sue under generally applicable state contract laws . . . . Rather, Plaintiff is asking the court to use a Kentucky state law to invalidate an arbitration clause that is protected by a federal law that preempts all contrary state

laws." (Def. Br. 9.) Defendant urges that because the FAA has preempted state law regarding arbitration there is a federal question at issue.

While *Grable* provides a strong argument for finding a federal question based on the FAA, this Court cannot ignore the fact that the Supreme Court has twice held the FAA does not present a federal question. In *Moses H. Cone Memorial Hospital*, the Court noted that the FAA "represents federal policy to be vindicated by the federal courts where otherwise appropriate." 460 U.S. at 27 n. 32. However, it is only otherwise appropriate where there exists another ground of original jurisdiction such as diversity. *Id.* Here, although there would have been diversity if the action were originally filed in federal district court, there is none as the forum defendant rule of 1441(b) is applicable. *Infra,* II. Form Defendant Rule. Finding there is no independent jurisdiction over this claim in federal court and the FAA does not provide an independent ground for federal jurisdiction, remand is appropriate.

**II. Forum Defendant Rule**

As there is no federal question basis for jurisdiction, the Court must determine if this case was otherwise properly removed under 28 U.S.C. § 1441(b). Specifically, Plaintiff asserts Defendant is unable to remove as it is a citizen of Kentucky, the state in which the action was filed. Defendant does not deny that it is a citizen of Kentucky or that it would be prohibited from removal in ordinary circumstances. However, Defendant asserts that Plaintiff has waived the forum defendant rule by consenting to federal jurisdiction through the act of seeking affirmative relief from the Court by way of a temporary restraining order.

It is unclear in the Sixth Circuit whether the forum defendant rule is procedural, and therefore subject to waiver, or jurisdictional. However, a recent district court decision from the

5

Western District of Kentucky discussed the relevant Sixth Circuit case law and determined the forum defendant rule to be jurisdictional. *Regions Bank v. American Justice School of Law, Inc.*, No. 5:08-cv-134-M, 2009 WL 909548 (March 30, 2009). The Court thoroughly discussed the *Grubbs* exception provided by the Supreme Court which allows the court to retain jurisdiction when a case has proceeded to finality or near finality without objection by either party to the improper removal. *Id.* at *2-*6. The court remanded the case finding that since the case had not yet proceeded very far the *Grubbs* exception was not applicable. *Id.* at *6.

Two other district courts within the Sixth Circuit have similarly held the forum defendant rule is jurisdictional and not subject to waiver. *See Johnston v. Panther II Transportation*, No. 1:07-cv-1264, 2007 WL 2625262 (N.D. Ohio Sept. 6, 2007); *Balzer v. Bay Winds Federal Credit Union*, 622 F.Supp.2d 628 (W.D. Mich. 2009). In *Balzer*, the district court noted the issue was raised promptly after removal, i.e., within thirty days, and no case management order nor discovery had been done. 622 F. Supp.2d at 632. The court reasoned, "[u]nder these circumstances there is no justification for disregarding the plain language of 28 U.S.C. §1441." *Id.*

The Court agrees with the holding and rationale in both *Regions Bank* and *Balzer*. Here, there has been no discovery and the case has only been in federal court for less than two months. The Court finds the forum defendant rule is jurisdictional, rather than procedural, based on recent Sixth Circuit case law and precedent in this district. Furthermore, even if procedural, the Court finds Plaintiff has not waived this challenge as the motion to remand was timely filed. Additionally, seeking affirmative remedies from this Court did not constitute waiver, especially since the motion to remand challenging the jurisdiction of the court was filed prior to the motion for temporary restraining order. *See Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 739-40 (E.D. Ky. 1981) ("Although,

waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part, the mere filing . . . of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver. There must be further action on the part of the defendant resulting in a decision on the merits of the defense.").

Thus, the Court finds remand is appropriate as removal was improper and there exists no alternative ground for original federal jurisdiction.

### III. Fees

A district court finding remand appropriate may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Plaintiff has requested fees in this case asserting Defendants had no reasonable basis for removal of this case. However, the Court finds that although removal was ultimately improper, the law regarding waiver of the forum defendant rule was unclear in this circuit providing a somewhat reasonable basis for removal by Defendant. The Court will therefore not award reasonable costs to Plaintiff.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Plaintiff's Motion to Remand is **GRANTED**.